**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Cincinnati Insurance Company, | : | Case No. 3:06 CV 2729 |
| Plaintiff, | : | |
| vs. | : | |
| St. Paul Protective Insurance Company, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Parties to this insurance case which was removed from the Court of Common Pleas for Lucas County, Ohio, have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U. S. C. § 636(c). Pending is Defendant's Motion for Summary Judgment (Docket No. 7), Plaintiff's Motion for Extension of Time to File Opposition to Motion for Summary Judgment until after Certification Process by the Ohio Supreme Court (Docket No. 9); Plaintiff's Motion for Certification of Questions of State Law to the Ohio Supreme Court (Docket No. 10), Defendant's Opposition to Motion for Certification (Docket No. 14) and Plaintiff's Reply (Docket No. 16).

For the reasons that follow, Defendant's Motion for Summary Judgment is held in abeyance pending this decision, Plaintiff's Motion for Certification of Questions of State Law is denied and

Plaintiff's Motions for Extension of Time (Docket Nos. 9 and 11) are granted.

## THE PARTIES

Plaintiff is an Ohio insurance company licensed and engaged primarily in the underwriting and pricing of property casualty business insurance (Docket No. 1, Complaint, ¶ 2). Northbrook Property and Casualty Insurance Company, incorporated in Illinois, is a multi-line insurance agency specializing in the sale of business owner policies (Docket No. 1, Complaint, ¶ 3; Docket No. 1, Notice of Removal, ¶ 7). In November 2003, Northbrook formally changed its name to St. Paul Protective Insurance Company. 68 Fed. Reg. 217 (November 10, 2003). Tri-C Construction Company (Tri-C), whose home office is in Akron, Ohio, is a national contractor that offers construction management, general contracting and design-build projects. Www.tric-construction.com. Smith Crane Service is a supplier of hydraulic cranes and operators. Www.smithcrane.com. Sawyer Steel Incorporated (SSI) is an Ohio erection contractor with its principal place of business is in Holland, Ohio. Prior to his death, Paul Mowry was employed by SSI (Docket No. 1, Complaint, ¶ 4). Paul Mowry was married to Teresa M Mowry, Administrator and Personal Representative of his estate (Docket No. 1, Complaint (Docket No. 1, Complaint, ¶ 7). Christopher Mowry is Paul Mowry's son (Docket No. 1, Plaintiff's Exhibit A, ¶ 2).

## FACTUAL BACKGROUND

On August 18, 2003, Tri-C, the general contractor, and SSI, the subcontractor, entered into a contract for building an Aldi grocery store located at 3015 Glendale Avenue in Toledo, Ohio. SSI was hired to erect the steel in the grocery store. Pursuant to contract, SSI was required to (1) carry general liability and comprehensive property damage insurance during the life of the project and warranty to protect Tri-C and SSI from damage to persons and property arising out of and from the performance of

the contract and (2) indemnify, defend and save Tri-C and hold it harmless from all claims for damages arising out of its work. SSI was insured under a fire insurance policy and commercial general liability policy through Westchester Fire Insurance Company and Defendant, respectively, from January 1, 2003 through January 1, 2004. Tri-C was included as an additional insured in SSI's policy (Docket No. 10, Exhibit 1).

In October 2003, SSI began erecting the steel for the Aldi grocery store in Toledo, Ohio (Docket No. 1, Plaintiff's Exhibit A, ¶ 8). On October 8, 2003, SSI employee Paul Mowry sustained injuries when he fell 16½ feet to the ground cracking his skull and sustaining other injuries (Docket No. 1, Plaintiff's Exhibit A, ¶s 28 & 38). Paul Mowry died as a result of those injuries on November 25, 2003 (Docket No. 1, Plaintiff's Exhibit A, ¶ 49).

On May 12, 2004, Teresa Mowry and Christopher Mowry filed a survival and wrongful death complaint for damages in Lucas County Common Pleas Court against, *inter alia*, Tri-C, SSI and Smith Crane (Docket No. 1, Complaint for Declaratory Judgment, ¶ 8). Tri-C requested that Defendant provide it with a defense and indemnification. Defendant refused (Docket No. 1, Complaint for Declaratory Judgment, ¶s 14, 15 & 17). Tri-C and its insurer, Plaintiff, settled with Paul Mowry's estate and was dismissed as a party from the lawsuit in common pleas court. A jury found in favor of Defendant SSI and Smith Crane and dismissed the case against them (Lucas County Common Pleas Court, Case No. G-CI 200403106, co.lucas.oh.us/onlinedockets).

Tri-C assigned its right, title and interest to any litigation against Defendant to Plaintiff (Docket No. 1, Complaint for Declaratory Judgment, ¶ 28). Plaintiff filed a complaint for declaratory relief in the Common Pleas Court of Lucas County, Ohio seeking indemnification from Defendant for all attorney fees, defense costs and settlement costs incurred in the Mowry lawsuit (Docket No. 1, Complaint for

Declaratory Judgment). Defendant removed the case to federal court and filed a Motion for Summary Judgment. Plaintiff filed a Motion to Certify Questions of State Law to the Ohio Supreme Court. Plaintiff requests leave to defer adjudication of the Motion for Summary Judgment until after the Court decides the merits of the Motion to Certify.

## MOTION TO CERTIFY STANDARD

Federal courts have the ability to certify questions of law to the Ohio Supreme Court when "there is a questionable Ohio law that may be determinative of the proceeding and for which there is no other controlling precedent in the decision of [the Ohio Supreme Court]." *Metz v. Unizan Bank*, 416 F. Supp.2d 568, 574 (N. D. Ohio 2006) (*citing* OHIO SUP. CT. R. PRAC. XVIII, § 1; *see also Super Sulky Incorporated v. United States Trotting Association,* 174 F.3d 733, 744 (6th Cir. 1999) *cert. denied,* 120 S. Ct. 172 (1999)). This does not mean that a federal court should certify any question that has not been specifically addressed by the Ohio Supreme Court. *Id.* Novel or unsettled questions of state law may be appropriate for certification where certification will save time, energy and resources, or where there are conflicting federal interpretations of an important state law question which would otherwise evade state court review. *Id.* (*citing Arizonans for Official English v. Arizona,* 117 S. Ct. 1055, 1073 (1997); *Geib v. Amoco Oil Company,* 29 F.3d 1050, 1060 (6th Cir. 1994) *cert. question denied from United States Court of Appeals for the Sixth Circuit*, 447 Mich. 1216, 527 N. W. 2d 513 (1994)). However, this course of action should not be invoked merely because it may be difficult for the court to ascertain what the local law provides. *Id.* (*citing Duryee v. United States Department of the Treasury,* 6 F. Supp. 2d 700, 704 (S.D. Ohio 1995)). Ultimately the decision to certify a question to the Ohio Supreme Court is within the district court's sound discretion. *Id.*

## DISCUSSION

In the Motion to Certify, Plaintiff agues that this Court's decision should be deferred until the Supreme Court of Ohio addresses whether: (1) parties to a construction contract may require one another to purchase or otherwise provide insurance for one another, (2) additional named insured endorsements should be treated as an agreement to indemnify against one's own negligence or whether they are separate and distinct and (3) additional named insured endorsements as part of a construction contract violate public policy. Such issues are critical to the determination of whether Defendant breached the contract and must now indemnify Plaintiff for all defense costs, cost of settlement, litigation costs and attorney fees.

Defendant suggests that this case can be decided based on the plain language of the contract and argues that there is no need for the Ohio Supreme Court to decide issues that pertain to the scope and purpose of OHIO REV. CODE § 2305.31. Defendant further contends that these issues have been consistently addressed by the courts in Ohio and/or the Ohio Supreme Court has denied *certiorari* on this issue several times. Defendant contends that this Court's decision to certify would be futile since in all likelihood, the Supreme Court would decline to answer the question. Defendant requests that this Court deny the Motion to Certify.

Plaintiff places great reliance on *Kendall v. United States Dismantling Company*, 20 Ohio St.3d 61, 62, 485 N.E.2d 1047, 1049 (Ohio 1985) in which the Supreme Court addressed whether Section 2305.31 prohibited only those indemnity agreements in construction-related contracts where the promisor agrees to indemnify the promisee for damages caused by or resulting from the *sole* negligence of the promisee. However, such analysis is not required for the Court to decide the merits of the issues in this case. The potential liability of the subcontractor in this case is based on the endorsements in the policy and the subcontract agreement. SSI agreed to purchase insurance to protect Tri-C from damage to person

or property arising from SSI's sole negligence. In other words, SSI agreed to insure Tri-C against any acts of negligence by SSI's employees while erecting the steel. The parties alleged negligence against Tri-C, not vicarious liability through SSI. The contract cannot be construed as covering Tri-C's negligence.

In *Kemmeter v. McDaniel Backhoe Services*, 89 Ohio St. 3d 409, 732, N. E. 2d 385 (2000), the Supreme Court held that Section 2305.31 does not prohibit indemnification protection from negligence of the promisor. However, even if the hold harmless clause facially violates the statute by providing that a subcontractor may not indemnify a general contractor for the general contractor's own negligence, the contract is enforceable if it does not result in indemnification of a party's own negligence. *Id.*

The Magistrate acknowledges that there is a lack of published cases in which the Supreme Court addresses the propriety of an agreement that requires a third party to provide insurance for another and whether a contract which does so violates public policy. However, the Magistrate is not persuaded that further pursuit of claims introduced in *Kendell* or *Kemmeter* will be of any significance in determining the merits of this case since SSI was not required to purchase insurance for Tri-C's benefit. The subcontractor in this case was required to purchase insurance to cover its own negligence arising from the subcontract agreement. Thus, the merits of this case can be decided on the plain language of the subcontract agreement and insurance contract. Interpreting these contracts is neither novel nor relies on conflicting federal interpretations of an important state law question.

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 7) is held in abeyance pending further briefing. Plaintiff's Motion for Certification of Questions of State Law is denied (Docket No. 10). Plaintiff's Motion for Extension of Time to File Opposition to Motion for Summary Judgment

(Docket No. 9) is granted and such response shall be filed by **September 20, 2007**.  Defendant may file a reply by **September 25, 2007.**  Defendant's motion for an extension of time to March 6, 2007, to respond to the motion to certify is granted (Docket No. 11).  A telephone status conference is scheduled for **September 11, 2007, at 2:00 p.m.**  The Court will initiate this call..

    **IT IS SO ORDERED.**

    /s/ Vernelis K. Armstrong
    United States Magistrate Judge

Date: 09/07/07